UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE FRITCHER, | CASE NO. 1:11-CV-01900-LJO-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | (ECF No. 1) |
| MELVIN R. JOSEPH, et al., | OBJECTIONS DUE WITHIN THIRTY-DAYS |
| Defendants. | |

Julie Fritcher ("Plaintiff"), an enrolled tribal member of the Lone Pine Paiute-Shoshone Tribe ("Tribe"), brings this action in pro persona and in forma pauperis against the Lone Pine Paiute-Shoshone Indian Reservation, Defendant tribal officers Melvin Joseph, Mary Wuester, Stacy Mike, Janet Hansen, and Beverly Newell, and Does 1-250. She seeks freedom of information access to Tribal documents and relief for Defendants failure to comply with federal grant funding contract requirements and Tribe governance obligations.

I. **SUMMARY OF PLAINTIFF'S COMPLAINT**

The Court finds Plaintiff's Complaint confusing, but it appears to center upon the following allegations:

Defendants are not compliant with requirements in Federal Bureau of Indian Affairs tribal government grant funding contracts[1] (Compl. p. 2-3, ECF No. 1);

Defendants are not compliant with the federal Freedom of Information Act ("FOIA")

---

[1] Pursuant to the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 et seq.

regarding Plaintiff's requests for tribal and federal grant program documents (Compl. at 3);

Defendants are engaged in unspecified illegal hiring practices (Id. at 11-12);

Defendants "[have made] recommendations without any other valid causes [which] were wrong and were intended to cause and did cause [Plaintiff] to suffer anguish, stress, worry and further severe emotional distress ... [and Defendants' conduct] was intentional, malicious, in bad faith and in conscious disregard of [Plaintiff's] legal/civil rights ... " (Id. at 4);

Defendants' alleged actions were in bad faith and caused Plaintiff emotional distress. She seeks "a stay and summons order ... so all information/records can be obtained ... to preserve records due to the facts that [D]efendant(s) are engaging in illegal activities ... damages, costs of suit herein and court costs." (Id. at 4-5.)

Plaintiff alleges federal question jurisdiction under FOIA. (Civil Cover Sheet, p. 1, ECF No. 1.)

## II.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Pleading Requirements Generally

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.[2]

### B.   Subject Matter Jurisdiction

---

[2] In addition to the deficiencies discussed herein, Plaintiff is advised that her complaint is factually insufficient and fails to contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

The district court is a court of limited jurisdiction and is not empowered to hear every dispute filed by litigants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); A–Z Int'l. v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003). The district court "possess[es] only the power authorized by Constitution and statute," and may only adjudicate claims raising federal questions or involving parties with diverse citizenship. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." A–Z Int'l, 323 F.3d at 1145.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Saini v. U.S. Citizenship and Immigration Services, 553 F.Supp. 2d. 1170, 1172 (E.D. Cal. March 27, 2008) ("[l]ack of subject-matter jurisdiction is never waived and may be raised by either party or the court at any time.") (citing Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1988)); see also Bernstein v. Universal Pictures, Inc., 517 F.2d 976, 979 (C.A.N.Y. May 27, 1975) ("[l]ack of [subject-matter] jurisdiction is so fundamental a defect that [Fed. R. Civ. P. 12(h)(3)] permits a judge to recognize it sua sponte at any time."); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ([federal courts are required] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); see also Kantor v. Wellesley Galleries, Ltd. 704 F.2d 1088 (9th Cir. 1983) ([A]ny doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction).

A complaint involving an Indian or tribe must satisfy the requirements of subject matter jurisdiction just as any other case in federal court. U.S. ex rel. The Saint Regis Mohawk Tribe v. President R.C. – St. Regis Management Co., 451 F.3d 44, 49-54 (2d Cir. 2006).

1.  Federal Question

Plaintiff does not allege facts demonstrating federal question jurisdiction arising under the U.S. Constitution, treaties, federal statutes, administrative regulations or

common law.[3] She asserts jurisdiction based upon FOIA. "The Freedom of Information Act requires federal agencies to make available requested records and documents unless the documents fall within one of several statutory exemptions." FCC v. AT & T Inc., ——, 131 S.Ct. 1177, 1180 (2011).

However, the Tribe is not a federal agency subject to FOIA.[4] A non-federal entity, funded by a federal grant contract, does not by virtue thereof become a federal agency subject to FOIA.[5]

The contractual freedom of information requirement contained in the federal grant contracts (see Compl. at 3)[6] does not subject the Tribe to FOIA.[7] Plaintiff does not allege, and the facts do not support, rights under the contractual freedom of information provision as "arising under" federal law. "A contract claim arises under federal law when the federal law supplies essential elements of the claim, and the federal claim must generally appear on the face of the complaint." Nuclear Engineering Co., v. Scott, 660 F.2d 241, 249 (7th Cir. 1981).

To the extent Plaintiff seeks relief as a beneficiary under or through the federal grant contracts, an ordinary suit in contract is outside federal question jurisdiction even though a federal statute may reinforce the primary contract rights in controversy or federal statues or regulations may be incorporated by reference into the contract. Pan Am. Petroleum Corp. v. Superior Court of Del. In and For New Castle County, 366 U.S. 656, 661 (1961).

---

[3] 28 U.S.C. § 1331.

[4] 5 U.S.C. § 552(f) defines "agency" subject to the Freedom of Information Act as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."

[5] Forsham v. Harris 445 U.S. 169, 171 (1980).

[6] "Each recipient of Federal Financial assistance ... shall make such reports and information available to the Indian people served or represented by such recipient as and in a manner determined to be adequate by the appropriate Secretary." 25 U.S.C. 450c (c).

[7] "[E]xcept for tribal records previously provided by the Tribe that the Secretary of Interior requires to be maintained as part of the record keeping system of the U.S. Department of the Interior or the Department of Health and Human Services, the records of the Tribe shall not be considered Federal records for purposes of chapter 5, of title 5, U.S. Code." (Compl. at 21.)

FOIA, were it applicable, does not appear to contain any waiver of immunity or provide for any authority for a suit against a tribal sovereign.

Moreover, as the Ninth Circuit has recognized, "[t]he Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims." Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 953 (9th Cir. 1998). Though Plaintiff states under information and belief that Defendants "do not maintain a tribal court system of any kind," (Compl. at 3), it nevertheless appears that Plaintiff has not made any effort to raise her claims before the appropriate tribal authority.

Plaintiff has not demonstrated federal question jurisdiction.

### 2. Diversity

Plaintiff does not allege, and the facts do not support diversity jurisdiction.[8] The natural parties to this action are all residents of California. (Compl. at 1.) The Tribe has no citizenship upon which diversity jurisdiction may be based.[9]

### 3. Sovereign Immunity

The Tribe possesses sovereign immunity from suit in federal court.[10] "Tribes are, foremost, sovereign nations. They 'retain [ ] their original natural rights' as 'aboriginal entit[ies] antedating the federal [and state] government[s].'" American Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1096 (9th Cir. 2002) (citing Romanella v. Hayward, 114 F.3d 15, 16 (2d Cir. 1997)); see also Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991) ("Indian tribes are 'domestic dependent nations.'")

---

[8] 28 U.S.C. § 1332. This term refers to the subject matter jurisdiction of federal courts for claims exceeding $75,000, between citizens of different states, or citizens of a state and a foreign state.

[9] The Tribe, an unincorporated entity, is not a citizen of any state for purposes of diversity. American Vantage Companies, Inc. v. Table Mountain Rancheria, 292 F.3d 1091, 1095 (9th Cir. 2002)

[10] Absent congressional or tribal consent to suit, state and federal courts have no jurisdiction over Indian tribes; only consent gives the courts the jurisdictional authority to adjudicate claims raised by or against tribal defendants. Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58-59 (1978); Puyallup Tribe, Inc. v. Department of Game, 433 U.S. 165, 173 (1977); Snow v. Quinault Indian Nation, 709 F.2d 1319, 1321 (9th Cir.1983).

Inclusion of a tribe on the Federal Register list of recognized tribes is generally sufficient to establish entitlement to sovereign immunity. See Ingrassia v. Chicken Ranch Bingo and Casino, 676 F.Supp.2d 953, 957 (E.D.Cal. December 16, 2009). Included in the tribes recognized in the Federal Register is the "Paiute–Shoshone Indians of the Lone Pine Community of the Lone Pine Reservation, California." Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs, 75 Fed.Reg. 60810–01, 60812, 2010 WL 3811385 (F.R.) (Oct. 1, 2010). Thus, as alleged, Defendants' tribe appears to be entitled to sovereign immunity.

The federal legislation enabling the grant contracts provides that "[n]othing [herein] shall be construed as [ ] affecting, modifying, diminishing, or otherwise impairing the sovereign immunity from suit enjoyed by an Indian tribe." 25 U.S.C. § 450n. "Absent an affirmative textual waiver in the terms of a contractual agreement or tribal constitution, federal courts have consistently declined to find tribal consent to federal jurisdiction." Pan American Co. v. Sycuan Band of Mission Indians, 884 F.2d 416, 419 (9th Cir. 1989).

The Tribe, in accepting the federal grant contracts, expressly preserved its sovereign immunity. (Compl. at 27-29.) "Tribes enjoy immunity from suits on contracts, whether those contracts involve governmental or commercial activities and whether they were made on or off a reservation." Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 760 (1998). "[S]tatutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282 (11th Cir. 2001) (citing Montana v. Blackfeet Tribe of Indians, 471 U.S. 759, 766 (1985)).

"When tribal officials act in their official capacity and within the scope of their authority, they are immune." Imperial Granite Co. v. Pal Band of Mission Indians, 940 F.2d 1269, 1271 (9th Cir. 1991) (citing United States v. Oregon, 657 F.2d 1009, 1012 n.8 (9th Cir. 1981)). Nothing before the court demonstrates that the individual Defendants were acting other than in their official capacity and scope of authority.

    4.    <u>Civil Rights</u>

Plaintiff claims Defendants have violated her civil rights. She provides no factual allegation that would support such a claim.[11] Plaintiff does not allege facts stating a cognizable violation of her federal rights by action under color of state law.

### III. CONCLUSION

Construing the allegations of the Complaint favorably to the Plaintiff,[12] the claims asserted do not demonstrate a basis for federal subject matter jurisdiction. Accordingly, the Court hereby RECOMMENDS that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1) (B-C) and Rule 304 of the Local Rules for the United States District Court, Eastern District of California. Within **thirty days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 26, 2012        /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

---

[11] To state a federal civil rights claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

[12] Scheuer v. Rhodes, 416 U.S. 232 (1974).